# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS KING BRASHEAR, | CASE NO. 1:09-cv-00461-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| WARDEN KEN CLARK, et al., | |
| Defendants. | (Doc. 1) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Demetrius King Brashear, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.     Plaintiff's Claims

Plaintiff seeks to impose liability on Warden Ken Clark, Kings County Superior Court Judge Peter M. Schultz, Deputy District Attorney Ty Ford, and Deputy Public Defender Robert H. Stover arising out of their involvement in his conviction for a crime he was charged with while already in prison. Plaintiff alleges he was falsely accused, the proceedings were corrupt, and evidence was concealed and tampered with. Plaintiff was found guilty of the charge and sentenced to twenty-five years to life. Plaintiff seeks release from solitary confinement and exoneration.

Plaintiff's challenge to his criminal conviction must be litigated via a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005). Plaintiff's claims are barred under section 1983 until such time as he succeeds in invalidating the conviction at issue. Wilkinson, 544 U.S. at 81-82. This action shall be dismissed in light of Plaintiff's failure to state a cognizable claim under section 1983.

## III.    Conclusion and Order

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The deficiency at issue is not curable through amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, this action is HEREBY DISMISSED, without prejudice, for

///
///
///
///
///

1  failure to state a claim under which relief may be granted under section 1983, and the Clerk of the
2  Court shall enter judgment.

6  IT IS SO ORDERED.

7  **Dated:   December 10, 2010**                     /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE